DANIEL U. JOHNSON *vs.* BENJAMIN THAXTER.

The assignee of an insolvent debtor may maintain a writ of error to reverse an erroneous judgment against the debtor; and cannot therefore avoid it by plea and proof.

WRIT OF ENTRY by the assignee of William Poole, an insolvent debtor, to recover land in Abington. Plea, *nul disseisin*, with a specification of title under a levy of execution, issued upon a judgment of the court of common pleas, in an action of contract against Poole.

At the trial, the demandant sought to impeach the tenant's title, upon the ground that Poole, at the time of the commencement of that action, was out of the Commonwealth, and was not duly served with process. The tenant contended that the demandant could not impeach that judgment collaterally, but should have brought a writ of error; and *Bigelow*, J. reserved that question for the consideration of the full court.

*J. A. Andrew*, for the demandant.

*E. Wilkinson & N. C. Berry*, for the tenant.

THOMAS, J. 1. The general rule is, that an erroneous domestic judgment can be avoided only by a writ of error. But the rule does not apply to third parties, to whom the judgment is prejudicial, and who, not being privy in estate, cannot maintain a writ of error. Such parties may impeach the judgment by plea and proof. Not being able to reverse, they may avoid it. *Downs* v. *Fuller*, 2 Met. 135. *Leonard* v. *Bryant*, 11 Met. 370, and 2 Cush. 32.

2. Can the assignee of an insolvent debtor bring a writ of error to reverse a judgment against his insolvent? By force of

the assignment, the assignee stands in the place of the debtor, as to all property and rights of property belonging to the debtor, and may claim such property and enforce such rights, in the same manner and to the same extent that the debtor himself might have done at the time of the first publication of notice of the issuing of the warrant. The *St.* of 1838, *c.* 163, § 5, declares that such assignment shall vest in the assignees all the property, both real and personal, which the debtor could by any means have lawfully sold, assigned or conveyed, or which might have been taken in execution on a judgment against him, and all his rights of action for any goods or estate, real or personal; and that the assignees shall have the like remedy to recover all the said estate in their own names, as the debtor might have had, if no such assignment had been made.

The demandant could therefore as assignee bring his writ of error. That is his only remedy. He cannot avoid by plea and proof.                                        *Demandant nonsuit*